Filed 7/27/15  P. v. Mendoza CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDWARD LEE MENDOZA,<br><br>    Defendant and Appellant. | H041340<br>(Santa Cruz County<br>Super. Ct. No. F25736) |

Defendant Edward Lee Mendoza appeals after pleading no contest to possession of heroin.  (Health & Saf. Code, § 11350, subd. (a).)  Defendant was placed on Proposition 36 probation for 36 months.  (See Pen. Code, § 1210 et seq.)

On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 that states the case and facts, but raises no issue.  We notified defendant of his right to submit written argument on his own behalf within 30 days.  The 30-day period has elapsed and we have received no response from defendant.

Pursuant to *People v. Wende, supra,* 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record.  Following the California Supreme Court's direction in *People v. Kelly, supra,* at page 110, we provide a brief description of the facts and the procedural history of the case.

## FACTUAL AND PROCEDURAL BACKGROUND

At about 8:10 a.m. on September 4, 2013, Watsonville Police Officer Leo Kafer was dispatched to an apartment complex following an anonymous caller's report of two people "smoking drugs" inside a newer silver or gray Expedition. Officer Kafer located a vehicle matching the description in the apartment complex's parking area. Officer Kafer approached defendant, who was the only person near the Expedition. He asked defendant how he was doing and explained why he was there.

Officer Javier Ayala arrived while Officer Kafer was speaking with defendant. Officer Ayala asked defendant if the Expedition belonged to him. Defendant stated that the vehicle belonged to his wife. Officer Ayala went over to the Expedition to see if anyone was inside the vehicle. He did not see any people, but "in plain view," he saw a "rig," i.e., a kit for heating and injecting heroin, which included a hypodermic needle, a bottle cap, and a bindle of a dark substance that appeared to be heroin.

Defendant was arrested. Officer Ayala asked if there were any other syringes on his person and if there was "anything else in the vehicle." Defendant directed the officer to a case that contained another "rig."

Defendant was charged, by information, with possession of heroin (Health & Saf. Code, § 11350, subd. (a); count 1) and possession of controlled substance paraphernalia (former Health & Saf. Code, § 11364.1, subd. (a); count 2). The information alleged that defendant had a prior strike conviction of battery with serious bodily injury. (Pen. Code, §§ 243, subd. (d), 667, subds. (b)-(i).)

Defendant filed a motion to suppress evidence (Pen. Code, § 1538.5, subd. (a)), arguing that he was unlawfully detained. After a hearing, the trial court denied the motion.

Defendant subsequently pleaded no contest to count 1 (possession of heroin). The prosecution moved to dismiss count 2 (possession of controlled substance paraphernalia) "in light of the plea" and to dismiss the strike allegation "in the interest of justice." The

trial court granted the motion.  Defendant was placed on Proposition 36 probation for 36 months.  (See Pen. Code, § 1210 et seq.)

## DISCUSSION

Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

## DISPOSITION

The judgment is affirmed.

_____

BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____

MIHARA, J.

_____

GROVER, J.